UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RICHARD SIERRA, ET AL.                CIVIL ACTION NO. 6:17-CV-01002

VERSUS                                UNASSIGNED DISTRICT JUDGE

HALLIBURTON ENERGY SERVICES,          MAGISTRATE JUDGE HANNA
INC.

## REPORT AND RECOMMENDATION

Currently pending is the motion to remand (Rec. Doc. 11), which was filed by the plaintiffs, Richard Sierra, Chad Venable, and LOS, Inc. Also pending is defendant Halliburton Energy Services, Inc.'s motion (Rec. Doc. 5), which alternatively seeks dismissal of the plaintiff's complaint under Fed. R. Civ. P. 12(b)(3) or Fed. R. Civ. P. 12(b)(6), or alternatively for a more definite statement under Fed. R. Civ. P. 12(e). Both motions are opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court finds that the defendant auditor (alternatively identified as Eddie Fruge, Eddie Fusilier, and Eddie Faucheux) was not improperly joined as a defendant in this lawsuit; finds that the parties are not diverse in citizenship; finds that the court lacks subject-matter jurisdiction over this action under 28 U.S.C. § 1332; recommends that the motion to dismiss (Rec. Doc. 5) should be denied as moot; and recommends that the motion to remand (Rec. Doc. 11) should be granted.

## BACKGROUND

This lawsuit originated in the 15th Judicial District Court, Lafayette Parish, Louisiana, when the plaintiffs, Richard Sierra, Chad Venable, and LOS, Inc. filed a petition for damages on June 1, 2017, naming Halliburton Energy Services, Inc., Eddie Fruge, and Eddie Fusilier as defendants.[1]  In the petition, the plaintiffs seek to recover damages allegedly resulting from a Master Purchase Agreement between LOS and Halliburton under which LOS provided non-destructive testing services to Halliburton.  The plaintiffs contend that Halliburton – through its employee variously identified in the pleadings as Eddie Fruge, Eddie, Fusilier, or Eddie Faucheux but now known to be Mr. Faucheux – audited LOS's practices and procedures for performing that contract and assigned a score of zero, which was posted on Halliburton's website without giving LOS any advance notice or any opportunity to correct the alleged deficiencies.  The plaintiffs contend that the audit was false, that

---

[1]    The plaintiffs later determined that the person who conducted the audit for Halliburton was actually Eddie D. Faucheux, Jr., whom they believed to be a quality manager for Sperry Drilling Services.  They filed a motion, seeking to have Mr. Faucheux and Sperry added as defendants in the suit.  (Rec. Doc. 41).  In response to the plaintiffs' motion for jurisdictional discovery, however, Halliburton represented that Mr. Faucheux was its employee and was the auditor whose work is at issue in this lawsuit.  (Rec. Doc. 38 at 1) ("discovery is not needed regarding Mr. Faucheux's employer because [Halliburton] can confirm he is a [Halliburton] employee.").

the audit score was false, that an investigation into the audit was false, and that LOS lost all of its customers because of the erroneous audit report.

The plaintiffs asserted a variety of claims against Halliburton and the auditor, all of which are described as being both intentional and negligent, including breach of contract, breach of fiduciary duty, tortious interference with contract, fraud, misrepresentation, business defamation, loss and destruction of business, deceptive trade practices and unfair competition, and antitrust violations. The plaintiffs also alleged that Halliburton is vicariously liable for the auditor's actions and omissions.

Halliburton removed the suit to this forum, alleging that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332. Halliburton alleged that the amount in controversy exceeds the jurisdictional minimum and that the parties are diverse in citizenship when the auditor's citizenship is disregarded because he was improperly joined as a party to the suit.

Halliburton filed a motion, seeking alternative relief including dismissal of the lawsuit, arbitration of the plaintiffs' claims, or a more definite statement of the plaintiffs' claims. Halliburton argued in its motion to dismiss that the agreement between Halliburton and LOS was signed only on behalf of the company and not on behalf of Mr. Sierra or Mr. Venable, individually. Halliburton argued that the agreement requires the arbitration of any disputes arising between Halliburton and

LOS regarding the agreement. Halliburton also argued that the plaintiffs' complaint was lacking in sufficient detail and consequently failed to plead a claim on which the court can grant relief. Alternatively, Halliburton sought a more definite statement of the plaintiffs' claims. The plaintiffs responded with the instant motion, seeking remand of the action to state court because the parties are not completely diverse in citizenship.

<u>**ANALYSIS**</u>

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[2] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[3] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[4] A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[5] Because "the effect of removal is to deprive the state court of

---

[2]     See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[3]     28 U.S.C. § 1331.

[4]     28 U.S.C. § 1332.

[5]     *Howery v. Allstate*, 243 F.3d at 916.

-4-

an action properly before it, removal raises significant federalism concerns."[6]  The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[7]  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[8]  When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal jurisdiction exists.[9]  Accordingly, Halliburton has the burden of establishing that the court has jurisdiction over this matter.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[10]  Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and that the parties are diverse in citizenship.[11]  In this

---

[6]     *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[7]     *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[8]     *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[9]     *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[10]     *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[11]     28 U.S.C. § 1332.

case, Halliburton contends that these criteria are satisfied when the citizenship of an allegedly improperly joined defendant is disregarded, while the plaintiffs argue that the removing defendants have not proven that diversity jurisdiction exists.

## A.    THE AMOUNT IN CONTROVERSY

The amount in controversy is the sum claimed in the plaintiff's complaint if the claim was apparently made in good faith.[12] In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages.[13] Therefore, the original petition filed in this lawsuit did not request recovery of a specific amount. To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[14]

When the complaint does not state a specific amount of damages, as in this case, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.[15] This burden can be satisfied by demonstrating that the amount in controversy is facially apparent from the plaintiff's

---

[12]    *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d at 1408; *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[13]    Louisiana Code of Civil Procedure Article 893(A)(1). See, also, *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

[14]    *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

[15]    *Simon v. Wal–Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount.[16]  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]."[17]  Thus, a district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy.[18]  Any doubts must be construed in favor of remand.[19]

This Court previously found that the amount in controversy is not apparent on the face of the plaintiff's petition and ordered Halliburton to submit evidence in that regard.  (Rec. Doc. 44).  Halliburton propounded jurisdictional discovery, which the plaintiffs answered, indicating that Mr. Sierra, Mr. Venable, and LOS each

---

[16]    *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[17]    *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original).

[18]    *Luckett v. Delta Airlines*, 171 F.3d at 298; *Allen v. R & H Oil & Gas Co.*, 63 F.3d at 1335.

[19]    *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

individually seek to recover an amount exceeding $75,000. (Rec. Doc. 52-1). Therefore, this Court finds that Halliburton has satisfied this jurisdictional requirement.

## B.   DIVERSITY OF CITIZENSHIP

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant.[20]  Thus, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.[21]  When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[22]

The plaintiffs' petition alleged that Mr. Sierra was domiciled in Louisiana, Mr. Venable was domiciled in Arkansas, and LOS was "a Louisiana entity."  The petition further alleged that Halliburton was a foreign corporation, and that the auditor was domiciled in Louisiana.  Based on these allegations, this Court was unable to determine whether the parties are diverse.

The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent

---

[20]    *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).

[21]    *Corfield v. Dallas Glen Hills LP*, 355 F.3d at 857.

[22]    *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

to remain there permanently.[23]   Here, the plaintiffs alleged that Mr. Venable is domiciled in Arkansas, and that Mr. Sierra and auditor are both domiciled in Louisiana.   Therefore, they established that two of these persons are Louisiana citizens.  Developments in the case have established that the auditor in question was actually Halliburton employee Eddie Faucheux.  (Rec. Doc. 38 at 1).  The plaintiffs erred in naming the other two individual defendants, and it is apparent that no person by the name of Eddie Fruge or Eddie Fusilier was every a proper defendant in this lawsuit.  Certainly, there is no evidence that Eddie Fruge or Eddie Fusilier was ever served, and no appearance has been made in the suit on behalf of either Eddie Fruge or Eddie Fusilier.  However, not only the plaintiff's complaint but also the record as a whole may be considered in determining the propriety of removal.[24]   When this Court considers the record as a whole, it finds that Eddie Faucheux was the auditor, that he was employed by Halliburton, that the plaintiffs intended to sue Mr. Faucheux when their petition was originally filed.  It appears that the plaintiffs were unsure of the auditor's last name but knew that it was a Cajun French name starting with the letter "f."  The plaintiffs alleged that the auditor was a Louisiana citizen.  A party may

---

[23]    *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011).

[24]    *In re Allstate Ins. Co*., 8 F.3d 219, 221 (5th Cir. 1993); *Villarreal v. Brown Express*, 529 F.2d 1219, 1221 (5th Cir. 1976).

be allowed to amend either a complaint or a notice of removal to cure defects regarding allegations of citizenship.[25]  In this case, Halliburton supplemented the record by providing the proper spelling of the auditor's surname but did not supplement the record to address the auditor's citizenship.  This Court finds that Halliburton's failure to provide any evidence that Mr. Faucheux is a citizen of any state other than Louisiana is a tacit admission that, as alleged by the plaintiffs in their original petition, he is a Louisiana citizen.

LOS, Inc. and Halliburton Energy Services, Inc. both appear to be corporations due to the inclusion of the abbreviation "inc." in their names.  A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[26]  In the removal notice, Halliburton established that it is a Delaware corporation with its principal place of business in Texas.  (Rec. Doc. 1-3 at 2)  Therefore, Halliburton is a citizen of both Delaware and Texas.

In the removal notice, Halliburton did not address the citizenship of LOS, Inc., and the record contains no evidence of LOS's citizenship.  Halliburton's failure to establish the citizenship of this party would be sufficient to find that Halliburton did not satisfy its burden of establishing that the parties are diverse in citizenship.

---

[25]    *In re Allstate Ins. Co.*, 8 F.3d at 221 n. 4.

[26]    28 U.S.C. § 1332(c)(1).

-10-

However, this Court will not short change the parties or give the remaining issues short shrift by ending the analysis at this point. Instead, this Court takes judicial notice of the presumptively accurate records of the Louisiana Secretary of State's office, which show that LOS, Inc. was formed under the laws of Louisiana and has its principal place of business in Louisiana.[27] Therefore, there is both a plaintiff – LOS, Inc. and/or Mr. Sierra – and a defendant – the auditor – who are Louisiana citizens. Accordingly, this Court finds that the parties are not diverse in citizenship.

Halliburton argued, however, that the auditor's citizenship should be disregarded because he was improperly joined as a defendant in the lawsuit.

## C. IMPROPER JOINDER OF THE AUDITOR

To establish improper joinder, Halliburton must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiff's inability to establish a cause of action against the non-diverse party in state court.[28] Here, there is no allegation of actual fraud in the naming of the auditor as a defendant. Therefore, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated

---

[27]    Louisiana Secretary of State, https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=716751_2A9E7A3903 (last visited Mar. 27, 2018).

[28]    *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

-11-

differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[29]

A defendant who contends that a non-diverse party is improperly joined has a heavy burden of proof.[30]    The court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.[31] The Fifth Circuit recently held that the sufficiency of a plaintiff's state-court petition for purposes of the improper joinder analysis is measured under federal court pleading standards.[32]    Thus, the analysis used to determine whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6).    "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[33]

---

[29]    *Smallwood v. Illinois Central Railroad Co*., 385 F.3d at 573(citing *Travis v. Irby*, 326 F.3d at 648).

[30]    *Green v. Amerada Hess Corp*., 707 F.2d 201, 205 (5th Cir. 1983).

[31]    *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005).

[32]    *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 208 (5th Cir. 2016).

[33]    *Smallwood v. Illinois Central Railroad Co*., 385 F.3d at 573.

-12-

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[34] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[35] "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[36] As part of this analysis, the court must proceed in two steps. First, the court must separate legal conclusions from well-pled facts.[37] Second, the court must review the well-pled factual allegations, assume them to be true, and then determine whether they "plausibly give rise to an entitlement of relief."[38] "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[39]

---

[34]    *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[35]    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[36]    *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

[37]    *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

[38]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

[39]    *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Halliburton argued, first, that the plaintiffs cannot recover against the auditor with regard to any contract-based claims because the was not a party to the contract at issue and because he had no other contractual relationship with any of the plaintiffs. Second, Halliburton argued that the plaintiffs cannot recover against the auditor with regard to any tort-based claims because the auditor did not owe any duty to the plaintiffs and Halliburton is vicariously liable for his actions and omissions. Alternatively, Halliburton argued that the tort claims against the auditor are prescribed, precluding any possibility of recovery against him.

What Halliburton overlooked is that the plaintiffs did not assert only negligence-based claims against the auditor. The petition reads as follows: "[T]he aforementioned incident was caused totally, solely[,] and/or concurrently through the intentional actions and/or fault of the Defendants. . . ." (Rec. Doc. 1-1 at 3). Thus, the plaintiffs asserted claims against the auditor for intentional fraud, intentional misrepresentation, and intentional breach of fiduciary duty (among other claims).

An issue has been raised in this lawsuit regarding whether Texas law or Louisiana law should apply. That issue need not be resolved at this time because the result is the same under the laws of both states.

To hold an employer liable for the actions of its employee under Texas law, a plaintiff must prove: (1) an agency relationship existed between the employee (the

-14-

tortfeasor) and the employer (the defendant); (2) the employee committed a tort; and (3) the tort was in the course and scope of the employee's authority.[40]  A tort is within the course and scope of the employee's authority if his action was:  (1) within the employee's general authority; (2) in furtherance of the employer's business; and (3) was for the accomplishment of the object for which the employee was hired.[41]  But, generally speaking, the commission of an intentional tort is not within the course and scope of an employee's authority.[42]   Therefore, if the auditor's conduct was intentionally tortious, as alleged in the petition, Halliburton may not be vicariously liable.

In Louisiana, the principle of vicarious liability is codified in Civil Code Article 2320, which provides that an employer is liable for the tortious acts of its employees "in the exercise of the functions in which they are employed."  "[F]or an employer to be vicariously liable for the tortious acts of its employee the tortious conduct of the employee must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the

---

[40]    See *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998).

[41]    *Ginther v. Domino's Pizza, Inc*., 93 S.W.3d 300, 303 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

[42]    *Knight v. City Sts., L.L.C.*, 167 S.W.3d 580, 583 (Tex. App.-Houston [14th Dist.] 2005) (citing *Tex. & Pac. Ry. Co. v. Hagenloh*, 247 S.W.2d 236, 239 (1952)).

employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest.  An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours.  Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective."[43]  Therefore, again, if the auditor's conduct was intentionally tortious, as alleged in the petition, Halliburton may not be vicariously liable.

Viewing the allegations of the petition in a light most favorable to the plaintiffs, as must be done in resolving this motion, even though the auditor was employed by Halliburton, there is a reasonable possibility that he might be found liable for intentional misrepresentations or intentional fraud in the confection of the audit report that was beyond the scope of his employment with Halliburton and served only his own personal interests.  In that case, Halliburton might not be found vicariously liable for his actions.

---

[43]    *Baumeister v. Plunkett*, 95-2270 (La. 05/21/96), 673 So.2d 994, 996 (internal citations and quotation omitted).

Furthermore, the claim for intentional fraud has not prescribed.  Under Texas law, a claim for fraud has a four-year prescriptive period.[44]  Under Louisiana law, claims for intentional fraud or the intentional breach of a fiduciary duty, both of which have been alleged against the auditor, sometimes have a ten-year prescriptive period.[45]  According to the plaintiffs' petition, the audit was performed on June 1, 2013, and this lawsuit was filed on June 1, 2017.  This Court cannot conclude that all claims against the auditor prescribed before the suit was filed.

## CONCLUSION

For the foregoing reasons, this Court finds that Halliburton, the removing party, has not met its burden of showing that the auditor was improperly joined as a defendant in this action and consequently has not established that the auditor's citizenship should be disregarded.  This Court therefore finds that the parties are not diverse in citizenship, and further finds that this Court lacks subject-matter jurisdiction over this action.  Accordingly,

---

[44]    Texas Civil Practice & Remedies Code § 16.004(a)(4).

[45]    See, e.g., *Simmons v. Templeton*, 97-2349 (La. App. 4 Cir. 11/10/98), 723 So.2d 1009, 1013, writ denied, 98-3050 & 98-3060 (La. 02/05/99), 738 So.2d 4, 5 (applying a ten-year prescriptive period to a claim for breach of fiduciary duty); *Ames v. Ohle*, 2011-1540 (La. App. 4 Cir. 05/23/12), 97 So.3d 386, 392, decision clarified on reh'g (July 11, 2012), writ denied, 12-1832 (La. 11/09/12), 100 So.3d 837 (applying a ten-year prescriptive period to a claim for intentional fraud by a fiduciary and citing *delaVergne v. delaVergne*, 99-0364 (La. App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275).

This Court recommends that the plaintiffs' motion to remand (Rec. Doc. 11) should be GRANTED, and this case should be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana, for further proceedings.

This Court further recommends that Halliburton's motion seeking dismissal of the claims asserted by the plaintiffs or a more definite statement of the claims (Rec. Doc. 5) should be denied as moot because "[w]ithout jurisdiction the court cannot proceed at all in any cause."[46]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by

---

[46]    *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).  See, also, e.g., *Williams v. Liberty Mutual Ins. Co*., No. 04–30768, 2005 WL 776170, at *3 (5th Cir. Apr. 7, 2005); *Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994,1000 (5th Cir. 2000); *Bacani v. Dep't of Veterans Affairs*, 216 F.3d 1080, 1080 (5th Cir. 2000) (holding that because the district court lacked subject matter jurisdiction, it did not err in denying other pending motions as moot).

Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      Signed at Lafayette, Louisiana on this 27th  day of March 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-19-