UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RICHARD SIERRA, ET AL.**                 CIVIL NO. 6:17-CV-1002

**VERSUS**                                 UNASSIGNED DISTRICT JUDGE

**HALLIBURTON ENERGY**                     MAGISTRATE JUDGE HANNA
**SERVICES, INC., ET AL.**

## RULING

A Motion to Dismiss, or Alternatively to Stay and Compel Arbitration, or in the Further Alternative for a More Definite Statement [Doc. No. 5] filed by Defendant Halliburton Energy Services, Inc. ("HESI"), and a Motion to Remand [Doc. No. 11] filed by Plaintiffs Richard Sierra, Chad Venable, and LOS, Inc. were referred to United States Magistrate Judge Patrick J. Hanna for report and recommendation ("R&R"). The Magistrate Judge has now issued the R&R, wherein he recommends Plaintiffs' Motion to Remand be granted, finding the Court lacks subject-matter jurisdiction over this action, and Defendant's Motion to Dismiss be denied as moot, finding because the Court is without jurisdiction, it cannot proceed on the Motion to Dismiss. [Doc. No. 53 at 17-18]. Defendant has filed an objection to the R&R [Doc. No. 55], and Plaintiffs have filed a response thereto. [Doc. No. 56] For the reasons that follow, the Court REMANDS this matter to the Magistrate Judge for issuance of a supplemental R&R.

This lawsuit originated in state court, when Plaintiffs sued HESI and an auditor employed by HESI for damages allegedly resulting from an audit of LOS performed by Defendants. According to the allegations set forth in the Petition, LOS and HESI entered into a Master Purchase Agreement whereby LOS provided non-destructive testing services to HESI. [Doc. No. 1-1 at ¶ 2] On or about

June 1, 2013, HESI's auditor "performed an audit of LOS Inc.'s practices and procedures, and informed LOS, Inc. that it was non-compliant."[1] *Id.* at ¶ 3. Thereafter, HESI assigned LOS an audit score of zero and posted this audit score on its website without giving LOS any advance notice or any opportunity to correct the alleged deficiencies. *Id.* at ¶¶ 4-5. According to Plaintiffs, they subsequently retained a third party to investigate the audit (in which HESI refused to participate), and it was determined that "the audit was false, as was said score posted by [HESI]." *Id.* at ¶ 7. Plaintiffs allege they lost all existing clients and work and their business was destroyed, due to the publication of the erroneous score on HESI's website. *Id.* at ¶¶ 8-9. Exactly four years after the auditor informed LOS that his audit showed LOS to be "non-compliant," Plaintiffs filed this suit. Plaintiffs assert their damages were "caused totally, solely and/or concurrently through the intentional actions and/or fault of the Defendants," and then set forth the following nine causes of action against HESI and its auditor: (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Tortious Interference with Contract; (4) Fraud; (5) Misrepresentation; (6) Business Defamation; (7) Loss and Destruction of Business; (8) Deceptive Trade Practices and Unfair Competition; and (9) Antitrust Violations. *Id.* at ¶ 11.

HESI removed the suit to this Court, alleging subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the jurisdictional minimum and the parties are diverse in citizenship when the citizenship of the auditor is disregarded, whom HESI contends was improperly joined as a party to the suit. The Magistrate Judge recommends granting the Motion to Remand, finding HESI has "not met its burden of showing that the auditor was improperly joined as a defendant in this action," and therefore HESI has failed to show the parties are diverse in

---

[1] The Petition does not identify the source of the obligation for which LOS was non-compliant.

citizenship. [Doc. No. 53 at 17]. In arriving at this recommendation, the Magistrate Judge first rejected HESI's argument that there is no possibility Plaintiffs can establish a cause of action against the auditor in state court on the tort claims, because HESI is vicariously liable for his actions and omissions. *Id.* at 14. Disagreeing with HESI, the Magistrate Judge found there is a "reasonable possibility that [the auditor] might be found liable for intentional misrepresentations or intentional fraud in the confection of the audit report that was beyond the scope of his employment with Halliburton and served only his own personal interests." *Id.* at 16. Under such a circumstance, HESI might not be vicariously liable for the actions of its auditor. *Id.* The Magistrate Judge then found under Texas law[2], Plaintiffs' claim for intentional fraud has not prescribed, as such a claim has a four year prescriptive period. *Id.* at 17. He further found under Louisiana law, "claims for intentional fraud or the intentional breach of a fiduciary duty . . . sometimes have a ten-year prescriptive period." *Id.* at 17. Accordingly, the Magistrate Judge found he could not "conclude that all claims against the auditor prescribed before the suit was filed." *Id.*

HESI objects to the Magistrate Judge's recommendation, arguing that while the allegations set forth in the Petition may be sufficient to establish "a theoretical possibility of recovery," the allegations do not show there is a "reasonable" possibility of recovery[3], because Plaintiffs have failed to set forth sufficient factual allegations to state a claim against the auditor. Accordingly, HESI contends a finding that the auditor was improperly joined to defeat diversity jurisdiction is warranted

---

[2]The R&R notes, "An issue has been raised in this lawsuit regarding whether Texas law or Louisiana law should apply." [Doc. No. 53 at 14].

[3]*See e.g. Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000) ("mere theoretical possibility of recovery" under state law is insufficient to preclude removal; rather, there must be a reasonable basis for predicting state law would allow recovery in order to preclude a finding of improper joinder); *accord Smallwood v. Illinois Cent. R. Co.*, 385 F.2d 568, 573 & n.9 (5th Cir. 2004).

in this matter. [Doc. No. 55 at 4] HESI additionally objects that Plaintiffs' claim for "fraud" has not been pleaded with the particularity required by Fed. R. Civ. P. 9(b), as the Petition does not "allege specific facts establishing 'the particulars of "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation."'" *Id.* at 7 (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1060, 1068 (5th Cir. 1994)). According to HESI, because Plaintiffs "have alleged none of the details required" for a claim of fraud, a finding the auditor was improperly joined is warranted. *Id.*

The Court finds the Petition filed in this matter contains little factual information, and further examination is necessary to determine whether Plaintiffs have set forth sufficient factual allegations to state a claim against the auditor that is plausible on its face. *See e.g. International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016); *Kemp v. CTL Distribution, Inc.*, 440 Fed.Appx. 240, 247 (5th Cir. 2011) (where plaintiff failed to plead sufficient factual content to allow the court to draw the reasonable inference that defendant was liable for the misconduct alleged, defendant was improperly joined to defeat federal jurisdiction). For example, while the Magistrate Judge notes a claim for intentional fraud has not prescribed under Texas law and may not have prescribed under Louisiana law, it is unclear to this Court whether Plaintiffs have stated a claim against the auditor for fraud "that survives a Rule 12(b)(6)–type analysis."[4] *International Energy Ventures Mgmt.* at 209. "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d

---

[4]The Court notes Texas law recognizes several categories of fraud – *e.g.* constructive fraud, actual fraud, fraudulent inducement – each of which have differing elements.

694, 701 (5th Cir.1999). Here, the only specific allegation made against the auditor is that on June 1, 2013, the auditor, through HESI, "performed an audit of LOS, Inc.'s practices and procedures, and informed LOS, Inc. that it was non-compliant."[5] [Doc. 1-1 at ¶ 3]. Other than the foregoing statement, the only factual reference to the auditor is that he jointly caused Plaintiffs' damages with HESI. *Id.* at ¶¶ 8-9. These allegations do not appear "to meet the heightened federal pleading standard for fraud." *International Energy Ventures Mgmt* at 209 (citing Fed. R. Civ. P. 9(b)); *see also U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud") (internal quotation marks omitted). Likewise, it is unclear to this Court whether any of the remainder of Plaintiffs' claims have been pleaded with the level of factual specificity required to state a claim for relief.

Additionally, it is unclear to this Court whether Plaintiffs have set forth sufficient factual allegations to show a reasonable possibility of recovery against the auditor individually. While the R&R sets forth the criteria for imposing individual liability on an employee, it does not examine whether such factual allegations have actually been set forth in the Petition filed herein. Further, with the exception of Plaintiffs' claim for breach of contract[6], the remaining claims (to the extent they are based upon Louisiana state law) appear to be prescribed on the face of the Petition.[7] *See e.g.*

---

[5]Thereafter, HESI (and not the auditor) assigned LOS an audit score of zero and posted this score on its website. [Doc. No. 1-1 at ¶ 5].

[6]The Petition makes no allegation the auditor was a party to any contract (express or implied) with Plaintiffs. Accordingly, it appears there is no basis for Plaintiffs' claim against the auditor for breach of contract. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999).

[7]With regard to Plaintiffs' claims of fraud and breach of fiduciary duty, the R&R notes, "Under Louisiana law, claims for intentional fraud or the intentional breach of a fiduciary duty . . . sometimes have a ten-year prescriptive period." *Id.* As noted by the United States Fifth Circuit, fraud claims under Louisiana

*Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."); *Ameen v. Merck & Co., Inc.*, 226 Fed.Appx. 363, *5 (remand was proper where defamation claim against non-diverse defendants was barred by applicable one-year statute of limitations, and alternatively, for failure to set forth sufficient allegations to state a claim).

For the reasons set forth above, the Court REMANDS this matter to the Magistrate Judge to determine whether Plaintiffs have pleaded "enough facts to state a claim to relief that is plausible on its face" with regard to the auditor.[8] *International Energy Ventures Management* at 208.

Monroe, Louisiana, this 12th day of June, 2018.

_____
**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

---

law can arise both in contract and in tort. *Clark v. Constellation Brands, Inc.*, 348 Fed.Appx. 19, 21 (5th Cir. 2009). "Louisiana courts look to the allegations and prayer for relief of the petition to determine the true nature of the action and the applicable prescriptive period." *Id.* at 22. "Even when a contract exists between the parties, unless a specific contract provision or duty is breached, Louisiana treats the action as tort." *Id.* In this matter, the factual allegations in the petition are directed toward recovery of damages for loss of business earnings, physical pain and suffering, humiliation, etc., all of which appear to be tort damages. *See Id.* at 22. Similarly, under Louisiana law, claims for breach of fiduciary duty can arise out of contract, if they arise from the breach of a special obligation between the parties; such claims can also lie in tort, if they arise from the violation of a general duty. *Babin v. Quality Energy Servs., Inc.*, 877 F.3d 621, 626 (5th Cir. 2017). In this matter, Plaintiff has not alleged the auditor violated any specific contractual provision, and thus, it would seem this claim lies in tort. *Id.*; *see also Young v. Adolph,*, 821 So.2d 101, 106–07 (La.App. 5 Cir. 2002).

[8] As noted in the R&R, "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." [Doc. No. 53 at 13 (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) (alterations in original)].